UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SPINNAKER COVE CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff,

v.                                                   Case No:   8:21-cv-2379-JLB-AEP

AFFORDABLE EXTERMINATING,
INC., and WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

      Defendants.
_____/

## ORDER

In this action, which was removed from Florida state court, Plaintiff Spinnaker Cove Condominium Association, Inc. ("Spinnaker Cove") alleges that Defendant Affordable Exterminating, Inc. ("Affordable Exterminating") breached a contract to treat and control termites in a condominium property. Spinnaker Cove also brings claims against its insurer, Defendant Westchester Surplus Lines Insurance Company ("Westchester"), based on Westchester's denial of an insurance claim. Westchester moves to sever and remand to state court the claims against Affordable Exterminating. (Doc. 3.) Upon careful review, the motion is **GRANTED**.

### BACKGROUND

On June 20, 2018, Spinnaker Cove, a Florida condominium association, filed a lawsuit in Florida state court against Affordable Exterminating, a Florida corporation. (Doc. 3 at 3, ¶ 7; Doc. 1-3 at 5); see Spinnaker Cove Condominium

Association, Inc. v. Affordable Exterminating, Inc., Case No. 18-CA-005934. On August 25, 2021, shortly after filing a notice of dismissal in a separate removed action between Spinnaker Cove and Westchester,[1] Spinnaker Cove added Westchester as a defendant in its state court action against Affordable Exterminating. (Doc. 1-4 at 151.) Westchester, which is incorporated in Georgia and has its principal place of business in Pennsylvania, removed the action to this Court based on diversity jurisdiction. (Doc. 1.)[2]

Spinnaker Cove brings a breach of contract claim against Affordable Exterminating based on its alleged failure to "properly treat and by failing to control termites" at a condominium property (Count I). (Doc. 1-1 at 2, ¶¶ 9–12.) The claims against Westchester are identical to the claims in the dismissed case: breach of contract (Count II), bad faith (Count III), and unfair claim settlement practices (Count IV) relating to the denial of insurance benefits for alleged "loss and damage [that] may have been caused by fungus, rot, rain, decay, termites eating wood, and/or collapse." (Doc. 1-1 at 3, ¶ 20; Doc. 3-1 at 1–9.)

---

[1] On October 11, 2019, Spinnaker Cove filed a lawsuit in state court against another insurance company in Spinnaker Cove Condominium Association, Inc. v. American Coastal Insurance Company, Case No. 19-CA-010510. Two weeks after the parties entered into a settlement agreement, Spinnaker Cove moved for leave to add Westchester to the action, and Westchester removed the action to the district court. (Doc. 3 at 2–3, ¶¶ 1–4); see Spinnaker Cove Condominium Association, Inc. v. Westchester Surplus Lines Insurance Company, Case No. 8:21-cv-01793-VMC-AEP. Westchester filed a motion to dismiss in that action, and on August 13, 2021, Spinnaker Cove filed a Notice of Voluntary Dismissal Without Prejudice. See Case No. 8:21-cv-01793-VMC-AEP (M.D. Fla. July 30, 2021), ECF No. 5; (Doc. 3-2).

[2] The citizenship of corporate entities is determined by their state of incorporation and principal place of business. See 28 U.S.C. § 1332(c).

Westchester now requests that the Court sever and remand to state court Spinnaker Cove's claim against Affordable Exterminating based on fraudulent joinder.  (Doc. 3.)   Spinnaker Cove has filed a notice of non-opposition to the motion.  (Doc. 12.)   Although Westchester asserts that Affordable Exterminating opposes the motion, it has not filed a response, and the time to do so has expired. (Doc. 3 at 8); see Local Rule 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

## LEGAL STANDARD

An action filed in state court may be removed to federal court based on diversity jurisdiction.  28 U.S.C. § 1441(a).   The case must be remanded to state court if there is not complete diversity among the parties.  Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir. 2011) (citation omitted); 28 U.S.C. §§ 1441(b)(2), 1447(c).   Among other circumstances, fraudulent joinder exists "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant."  Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) (citing Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996)).   "[F]ederal courts may disregard citizenship of resident parties and sever and remand their claims when the factual nexus between these claims and claims of the diverse parties is so lacking as to render joinder under Federal Rule of Civil Procedure 20 nothing but an attempt to avoid federal jurisdiction."  M.W. v. Ford Motor Co., No. 8:14-cv-

3132-T-24TBM, 2015 WL 1311029, at *4 (M.D. Fla. Mar. 24, 2015) (citation omitted); see also Tapscott, 77 F.3d at 1360 (affirming severance and remand).

Joinder is otherwise appropriate under Rule 20(a)(2) if: (A) any right to relief is asserted against the defendants jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20. In the Eleventh Circuit, "courts apply the logical relationship test" to "give meaning to the first requirement of Rule 20 that all claims regard or arise from the same transaction or occurrence." Smith v. Trans-Siberian Orchestra, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010). "Under this test, a logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim." Id. (citing Republic Health Corp. v. Lifemark Hosp. of Fla., 755 F.2d 1453, 1455 (11th Cir. 1985)).[3]

---

[3] To be sure, "[a] case may not be removed . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). District courts have found that fraudulent joinder constitutes bad faith. See Noyes v. Univ. Underwriters Ins. Co., 3 F. Supp. 3d 1356, 1363 (M.D. Fla. 2014).
Additionally, although the Eleventh Circuit has previously instructed that fraudulent joinder requires the district court to "ignore the presence of the non-diverse defendant and deny any motion to remand back to state court," Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006), there, the plaintiff had moved for remand as to all claims. As noted, the Eleventh Circuit has affirmed orders severing and remanding claims as to the non-diverse defendant. See, e.g., Tapscott, 77 F.3d at 1360.

## DISCUSSION

Westchester has shown that it was joined with a nondiverse defendant, Affordable Exterminating, as to whom "there is no joint, several, or alternative liability and [that] the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." Triggs, 154 F.3d at 1287. Accordingly, absent a sufficient factual nexus between the claims, or a basis for joinder, severance and remand of the claim against Affordable Exterminating is appropriate. See M.W., 2015 WL 1311029, at *4.

The allegations in the complaint establish that there is no nexus between the claims. For example, Spinnaker Cove alleges that it entered into numerous contracts with Affordable Exterminating from 1995 through 2006 for the treatment of termites, and that Affordable Exterminating "breached each of the termite agreements by failing to properly treat and by failing to control termites." (Doc. 1-1 at 1–2, ¶¶ 3–8, 11.) Separately, Spinnaker Cove alleges that it had a property insurance policy with Westchester with coverage from June 23, 2008 to June 23, 2009. (Id. at 3, ¶ 15; Doc. 1-4 at 209.) Spinnaker Cove further alleges it sustained "physical loss and damage [that] may have been caused by fungus, rot, rain, decay, termites eating wood, and/or collapse," and that the damage "occurred gradually and progressively over the course of the entire coverage period." (Doc. 1-1 at 3 ¶¶ 20–21.) The breach of contract, bad faith, and unfair claim settlement practices claims against Westchester are premised on its alleged denial of a related insurance claim. (Id. ¶¶ 16, 22, 27, 32–40.)

In short, the claim against Affordable Exterminating hinges on numerous termite treatment contracts over the course of several years and alleged damage caused by a failure to treat and control termites.  The claims against Westchester, on the other hand, are premised on a subsequent property insurance contract and, as Westchester indicates, their resolution will depend on "the coverages and exclusions of the insurance policy, Spinnaker Cove's compliance with certain policy conditions, such as the requirement for notice, and the claim adjustment conducted by Westchester."  (Doc. 3 at 7.)  At bottom, the claims against the two defendants have no real connection to each other, and severance and remand of the claims against Affordable Exterminating is warranted.[4]

In finding fraudulent joinder, the Court is mindful of the case's procedural history.  Indeed, the claims Spinnaker Cove now brings against Westchester are identical to the claims brought in the case it previously dismissed.  Even more, Westchester was added as a defendant in the state court action in this case shortly after that dismissal—three years after the complaint was filed.  Accordingly, Westchester's contention that Spinnaker Cove joined Westchester to this action in

---

[4] Similarly, other courts have found misjoinder of claims involving separate contracts and claims involving conduct that gives rise to subsequent insurance disputes.  See, e.g., Tapscott, 77 F.3d at 1355 (affirming severance where claims related to different types of contracts); Michaels Building Co. v. Ameritrust Co., N.A., 848 F.2d 674, 682 (6th Cir. 1988) (claims involved different banks, different contracts, and different terms); Cramer v. Walley, No. 5:14-cv-03857-JMC, 2015 WL 3968155 (D.S.C. June 30, 2015) (claims of negligent operation of an automobile and against insurer involving coverage questions); Todd v. Cary's Lake Homeowners Ass'n, 315 F.R.D. 453, 457, 459 (D.S.C. 2016) (tort claim relating to construction and maintenance of a dam and insurance policy).

an attempt to evade the jurisdiction of this district court in the dismissed case is not unfounded. (Doc. 3 at 5–6, 8.) In deeming the "attempt . . . so egregious as to constitute fraudulent joinder," Tapscott, 77 F.3d at 1360, the Court is further persuaded by Spinnaker Cove's non-opposition to the motion and failure to respond to Westchester's contentions that it acted in bad faith by fraudulently joining Westchester to this action.

Accordingly, it is hereby **ORDERED** that:

1. Spinnaker Cove's Motion to Sever and Remand Claim Against Affordable Exterminating, Inc. (Doc. 3) is **GRANTED**.

2. Count I in the Complaint is **SEVERED** from the remaining Counts, and any claims against Affordable Exterminating, Inc. are **REMANDED** to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 18-CA-005934.

3. The Clerk of Court is **DIRECTED** to transmit a copy of this Order to the Clerk of Court for the Thirteenth Judicial Circuit, to terminate any pending deadlines and motions as to Affordable Exterminating, Inc., and to terminate Affordable Exterminating, Inc. from this action.

**ORDERED** at Tampa, Florida, on December 13, 2021.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE